UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN ATHEISTS, INC.,
STEVE WALKER, THE LAW OFFICES
OF DENNIS G. VATSIS, P.C.,
and DENNIS G. VATSIS,

        Plaintiffs,                    Judge Avern Cohn

v.                                             Case No. 06-11696

CITY OF DETROIT DOWNTOWN
DEVELOPMENT AUTHORITY

        Defendant,

and

ST. JOHN'S EPISCOPAL CHURCH,

        Intervening Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

I.

This is a First Amendment case. American Atheists, Inc., Steve Walker, the Law Offices of Dennis G. Vatsis, P.C., and Dennis G. Vatsis (collectively, plaintiffs) claimed that the City of Detroit Downtown Development Authority (DDA) violated the Establishment Clauses of the federal Constitution and Michigan's Constitution by agreeing to distribute, through reimbursement grants, tax-generated funds to three churches for having completed repairs or improvements to the exteriors of several of their structures and parking lots as part of the "Lower Woodward Façade Improvement Plan" (FIP). St. John's Episcopal Church (St. John's) –one of the three churches

anticipating receiving a reimbursement grant –joined as an intervening defendant. The United States submitted an *amicus curiae* brief on behalf of the defendants.

The parties filed cross motions for summary judgment. The Court found the FIP is constitutional despite the fact that it allows churches to be the recipients of reimbursement grants. The Court also found that the reimbursement contracts between the DDA and the churches are constitutional, with exception to the portions which would reimburse the churches for the improvement or replacement of the monolithic signs in front of the sanctuaries, and for work done to two stained glass windows containing religious images at St. John's sanctuary. See American Atheists, Inc. v. City of Detroit Downtown Development Authority, No. 06-11698, ___ F. Supp. 2d ___, 2007 WL 2300693 (E.D. Mich. Aug. 8, 2007). The Court thereafter entered a judgment in accordance with its decision in a form stipulated by the parties.

Before the Court is plaintiffs Motion for an Amended Judgment under Fed. R. Civ. P. 59(e). For the reasons that follow, the motion is DENIED.

## II.

A Rule 59(e) motion must be filed within ten (10) days of the entry of judgment. Fairly read, plaintiffs' motion is effectively a motion for reconsideration as it contains a detailed discussion of the Court's alleged errors in its August 9, 2007 decision. This is not a proper basis for a Rule 59(e) motion. As explained in Nagle Ind., Inc. v. Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997):

> Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), "are entrusted to the Court's sound discretion." Keweenaw Bay Indian Community v. United States, 940 F.Supp. 1139, 1140 (W.D. Mich. 1996) (citing Huff, 675 F.2d at 122). Rule 59(e) motions are generally granted for three

reasons:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.
>
> Keweenaw Bay, 940 F.Supp. At 1141 (footnote and citation omitted). Such motions, however, are "not intended as a vehicle to relitigate previously considered issues"; "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence"; and are not the proper vehicle to attempt to obtain a reversal of a judgment "by offering the same arguments previously presented." Id. (Citations omitted).

Having recognized the nature of the motion, the Court asked defendants to file responses. Motions for reconsideration are governed by E.D. Mich LR 7.1(g) which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

III.

Plaintiffs have failed to satisfy this standard. As both DDA and St. Johns point out, plaintiffs' motion merely presents the same arguments previously considered and rejected by the Court. Be that as it may, the Court will address the motion.

Plaintiffs argue that the programs in Tilton[1] and Nyquist[2] are indistinguishable

---

[1] Tilton v. Richardson, 403 U.S. 672 (1971).

[2] Committee for Public Ed. and Religious Liberty v. Nyquist, 403 U.S. 672 (1971).

3

from the FIP grant program, and therefore the holdings in those cases are binding and the Court erred in failing to follow them. The Court noted that the programs in both of these cases were held unconstitutional because they did not have sufficient safeguards to ensure that the federal monies would not be diverted for religious uses. The FIP does have sufficient safeguards. For instance, in Tilton, the court was concerned that a 20 year prohibition on the use of a building at a religious college (whose constructed was funded through federal grants) for religious instruction was not enough because after 20 years, the building could be used for religious instruction. The FIP is different because the program requires both pre-approval and post-verification of what improvement the government funds will be supporting. The Court has already determined that those projects held constitutional were not religious in nature. Thus they are not (and cannot in the future) be used for religious indoctrination. Nyquist involved a program which gave money to a religious elementary school for maintence and supplies. The program was designed to include primarily porochial schools. It was not neutrally available. The FIP is different because it is facially neutral, and because it can be verified that the reimbursements are not being used for religious purposes.

  Plaintiffs also argue that the Court erred in finding a "jurisprudential shift" since Tilton and Nyquist and that the Court's reading of the Supreme Court's more recent decision in Mitchell v. Helms, 530 U.S. 793 (1999) was erroneous. The Court spent a good deal of time explaining the state of the law relating to the Establishment Clause and aid to "pervasively sectarian institutions" with an extended discussion of Mitchell. No useful purpose would be served in repeating this discussion. Plaintiffs' arguments simply fail to convince the Court that it erred in articulating the law or in applying the law

to the undisputed facts.  Plaintiffs' arguments are best left to an appellate court.

Finally, plaintiffs argue that Michigan's Establishment Clause is subject to a different analysis than its federal counterpart.  In <u>Scalise v. Boy Scouts of America</u>, 265 Mich. App. 1, 12 (2005), cited by the Court, the Michigan Court of Appeals clearly stated that "our Establishment Clause analysis, like the federal analysis, is governed by <u>Lemon v. Kurtzman</u>, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971)."  There is simply no basis for plaintiffs arguing that Michigan's Establishment Clause jurisprudence is different.

SO ORDERED.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 3, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2007, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160